IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATHLEEN HOLLAND, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 13-00155-CV-W-ODS |
| COOK GROUP, INC., et al. | ) |
| Defendants. | ) |

<u>ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
VENUE, AND (2) TRANSFERRING THE MATTER TO THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA</u>

Pending is Defendants Ethicon, Inc. and Johnson & Johnson's Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, to Transfer Venue. Doc. #36. For the following reasons, the Court denies Defendants' motion to dismiss but grants their alternative request to transfer the matter to the United States District Court for the Middle District of Alabama.

## I. BACKGROUND

On February 14, 2013, Plaintiffs Kathleen Holland and Michael Holland filed a Complaint in this Court against Cook Group, Inc.; Cook Incorporated; Cook Biotech, Inc.; Cook Urological Incorporated; Cook Medical Inc.; Ethicon, Inc.; Ethicon, LLC; and Johnson & Johnson. Doc. #1. Plaintiffs' claims and injuries relate to pelvic mesh devices. *Id.*

On February 15, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") was notified of Plaintiffs' lawsuit, which was identified as a potential tag along case to Multidistrict Litigation Case No. 2327 (hereinafter, "MDL No. 2327"). Doc. #2. On February 20, 2013, the JPML issued an order conditionally transferring this matter to the United States District Court for the Southern District of West Virginia for coordinated and consolidated pretrial proceedings in MDL No. 2327. Doc. #4-1. Some defendants asked the JPML to partially vacate its conditional transfer order, and permit claims

against Johnson & Johnson and Ethicon, Inc. (and their related entities) to be transferred to the MDL, but allow claims against Cook Group, Inc. (and related entities) to remain with the transferor courts, such as this Court. Doc. #4-2.

On March 29, 2013, Defendants executed waivers of service in this matter. Docs. #5-9. On April 8, 2013, Defendants filed an unopposed motion to stay this matter pending disposition of the motion to partially vacate the conditional transfer order in MDL No. 2327. Doc. #4. The Court granted the parties' request. Doc. #10. In June 2013, the JPML denied the motion, and this matter was conditionally transferred to the Southern District of West Virginia for inclusion in MDL No. 2327. Doc. #14.

In April 2019, the matter was conditionally remanded to this Court with only Plaintiffs' claims against Johnson & Johnson; Ethicon, Inc.; and Ethicon, LLC pending. Docs. #16, 16-2, 16-8; Doc. #41, at 4. In May 2019, the Court granted the parties' joint motion to dismiss Plaintiffs' claims against Ethicon, LLC. Docs. #20-21. On September 5, 2019, Defendants filed a motion to dismiss due to lack of personal jurisdiction or, in the alternative, to transfer this matter to the United States District Court for the Middle District of Alabama. Doc. #36. Plaintiffs oppose Defendants' request for dismissal, arguing they waived their defenses of lack of personal jurisdiction and improper venue. Doc. #41. But Plaintiffs agree with Defendants' alternative request to transfer this case to the Middle District of Alabama.

## II. DISCUSSION
### A. Potential Waiver

Before addressing the substance of Defendants' motion, the Court must consider Plaintiffs' argument that Defendants waived the defenses of lack of personal jurisdiction and improper venue. Defendants argue these defenses were not waived.

A party waives certain enumerated defenses, including lack of personal jurisdiction and improper venue, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading…." Fed. R. Civ. P. 12(h)(1)(B). According to the Eighth Circuit, Rule 12(h) "sets only the outer limits of waiver; it does not preclude waiver by implication." *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (citation omitted). That is, "[a]sserting a jurisdictional defect in the answer d[oes] not preserve the defense in perpetuity." *Id.* (citation and internal quotation marks omitted).

If the defense is not asserted "seasonably, by formal submission in a cause, or by submission through conduct," it "may be lost." *Id.* (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 168 (1939)). For instance, if a party "literally complies with Rule 12(h)" by asserting lack of personal jurisdiction in its answer but waits to raise the issue until the matter is appealed, the party fails to "comply with the spirit of the rule" and is deemed to have waived that defense. *Id.*

Here, Defendants did not expressly waive objections to personal jurisdiction or venue. In MDL No. 2327, Defendants filed a "Master Answer." Doc. #41-2. Although filed before Plaintiffs commenced this matter, the Master Answer includes the following defenses: "Plaintiffs' claims are barred for lack of personal jurisdiction," and "[v]enue in this Court is improper, and this matter should be dismissed on intra-state or interstate *forum non conveniens* grounds." *Id.* at 32-33. Thus, considering the circumstances of this matter, Defendants technically complied with Rule 12(h). But, as set forth *supra*, technical compliance with Rule 12(h) does not equate to preserving the defense.

The Court must examine whether Defendants "seasonably" asserted these defenses. Although this matter was filed in 2013, the proceedings before this Court have been minimal. Defendants waived service on March 29, 2013, and on April 8, 2013, they filed a motion asking the Court stay the proceedings pending the outcome of the motion before the JPML. Notably, Plaintiffs agreed to Defendants' request to stay. The stay was never lifted because the matter was transferred to the Southern District of West Virginia. Up until April 2019, the matter was litigated elsewhere.

In April 2019, the matter returned to this Court. On June 14, 2019, the parties represented to the Court that Defendants had not conducted discovery regarding Plaintiffs' claims while the matter was part of MDL No. 2327. Doc. #25, at 2. Soon thereafter, the Court's Scheduling and Trial Order was filed, permitting the parties to conduct discovery until December 16, 2019. Doc. #26, at 1. In July 2019, Defendants served discovery on Kathleen Holland. Doc. #27. On August 12, 2019, Kathleen Holland served her answers and responses to discovery, and on August 28, 2019, Plaintiffs served their Rule 26(a) initial disclosures. Docs. # 29, 34.

Less than one month after receiving Kathleen Holland's interrogatory answers and within one week of receiving Plaintiffs' initial disclosures, Defendants filed the pending motion. As discussed *infra*, Defendants' motion, in large part, depends on

3

Plaintiffs' initial disclosures and interrogatory answers. Because no discovery specific to Plaintiffs had been conducted until July 2019, Defendants could not have brought their motion to dismiss or transfer venue – in particular, a motion setting forth the necessary facts to support such a motion – until they received Plaintiffs' initial disclosures and interrogatory answers. In this regard, Defendants "seasonably" asserted their defenses of lack of personal jurisdiction and improper venue. Accordingly, the Court finds Defendants did not waive the defenses of lack of personal jurisdiction or improper venue.

### B. Personal Jurisdiction

Defendants argue Plaintiffs fail to allege facts to support either general or specific personal jurisdiction. General jurisdiction refers to the power of a State to "hear any and all claims" brought against "foreign (sister-state or foreign-country) corporations…when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citations and internal quotation marks omitted); *see also Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 707 (8th Cir. 2003). "Specific jurisdiction refers to jurisdiction over causes of action that 'arise out of' or 'relate to' a defendant's activities within a state." *Lakin*, 348 F.3d at 707 (citation omitted); *see Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017). "[T]he party seeking to establish the court's in personam jurisdiction carries the burden of proof…." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011) (citation omitted).

Although Plaintiffs ask the Court not to dismiss the matter for lack of personal jurisdiction, they fail to set forth any authority or argument to support their request. Because Plaintiffs have the burden of proof, their failure to address Defendants' arguments provides sufficient reason for the Court to find it does not have personal jurisdiction. Nevertheless, the Court will address the merits of Defendants' motion.

#### (1) General Jurisdiction

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [or general] jurisdiction there." *Daimler AG*, 571 U.S. at 136. For corporations, "the paradigm forum for the exercise of general jurisdiction" is the

equivalent of the corporation's "domicile" – that is, where the corporation "is fairly regarded as at home." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citation omitted). A corporation's place of incorporation and principal place of business are "bases for general jurisdiction." *Daimler AG*, 571 U.S. at 137 (citations omitted). "These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.*

Neither Johnson & Johnson nor Ethicon, Inc. is incorporated in Missouri or has its principal place of business in Missouri. Doc. #1, ¶¶ 11-12; Doc. #37, at 7. Further, Plaintiffs do not allege facts indicating Defendants are otherwise "at home" in Missouri. Rather, Defendants' ties to Missouri are quite limited and ambiguous. According to the Complaint, Defendants "conduct substantial business in the State of Missouri," "conduct business in the State of Missouri through sales representatives," and are "present in the State of Missouri." Doc. #1, ¶¶ 20-22. These allegations, however, do not demonstrate Defendants are "at home" in Missouri. Thus, the Court does not have general jurisdiction over Defendants.

### (2) Specific Jurisdiction

To exercise specific jurisdiction over Plaintiffs' claims, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (citation and internal quotation marks omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* (citation omitted). A federal court in a diversity suit may exercise specific jurisdiction over an out-of-state defendant when (1) jurisdiction is allowed by the Missouri long-arm statute; and (2) the reach of the long-arm statute comports with due process. *See Viasystems*, 646 F.3d at 593 (citation omitted). "Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia,* transact business, make a contract, or commit a tort within the state." *Id.* (citing Mo. Rev. Stat. § 506.500.1).

"[D]ue process requires that such a defendant have 'minimum contacts' with the forum state such that maintenance of a suit against that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Guinness Imp. Co. v. Mark VII*

5

*Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The nonresident defendant's conduct and connection with the forum state must be such that 'he should reasonably anticipate being haled into court there.'" *Guinness Imp.*, 153 F.3d at 614 (citation omitted). There must "be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted). And the contact with the state "must not be random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party." *Guinness Imp.*, 153 F.3d at 614 (citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781.

In this matter, Plaintiffs do not allege any connection between their claims and Missouri. *See* Doc. #1. There is no allegation that Plaintiffs purchased the pelvic mesh product in Missouri, Kathleen Holland was implanted with the pelvic mesh product in Missouri, or Plaintiffs suffered injuries from the pelvic mesh product in Missouri. *Id.* Because there is no alleged affiliation between Missouri and the underlying controversy, this Court lacks specific jurisdiction.

### C.     Dismissal or Transfer

Defendants ask the Court to dismiss the matter due to lack of personal jurisdiction, but alternatively move to transfer the matter to the Middle District of Alabama. Plaintiffs argue dismissal is not merited, and the appropriate remedy is transferring the matter to the Middle District of Alabama. Both parties seem to agree venue is not proper in the Western District of Missouri.

Even though this Court lacks personal jurisdiction over Defendants, it has the authority under 28 U.S.C. § 1406(a) to transfer the matter to another court. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *Mayo Clinic v. Kaiser*, 383 F.2d 653, 655-56 (8th Cir. 1967). Pursuant to 28 U.S.C. § 1406(a), if venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer of such case to any district…in which it could have been brought." 28 U.S.C. § 1406(a).

The Court concludes transfer of this matter is preferable to dismissal. The matter has been pending for quite some time, general discovery has been conducted regarding the product(s) at issue, and the parties have conducted at least some discovery specific to Plaintiffs' claims, including written discovery and the scheduling of depositions.

Furthermore, this matter could have been brought in the Middle District of Alabama. Plaintiffs are "residents of Alabama," and Kathleen Holland was implanted with a pelvic mesh product in Montgomery, Alabama. Doc. #1, ¶¶ 2, 37. In her interrogatory answers, Kathleen Holland states she received medical care and treatment related to the pelvic mesh product in Montgomery. Doc. #37-1, at 4-7. Plaintiffs' Rule 26(a) initial disclosures also reflect similar, if not the same, connections to Montgomery. Doc. #37-2, at 3-8. Montgomery is in Montgomery County, which is located in Middle District of Alabama. Finally, the parties' briefing of the pending motion suggests they agree the matter could have been brought in the Middle District of Alabama. Doc. #37, at 11-19; Doc. #41, at 9- 14. Accordingly, the Court grants Defendants' alternative motion to transfer this matter to the Middle District of Alabama.

## III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss this matter but grants Defendants' alternative motion to transfer this matter to the United States District Court for the Middle District of Alabama.

IT IS SO ORDERED.

DATE: October 9, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

7